## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LEANNA VENNISSA ROSE BREWER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No: 5:12-cv-244-D |
| v. | ) | |
| | ) | |
| BAPTIST'S INC., d/b/a/ BAPTIST ATHLETIC | ) | |
| SUPPLY, WILSON BAPTIST, in his individual | ) | |
| capacity, and TERRY NIX, individually and in | ) | |
| his official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

Before the Court is the Motion to Dismiss [Dkt. # 7] brought by Defendants Baptist's,

Inc. ("Baptist's"), Wilson Baptist ("Mr. Baptist") and Terry Nix ("Mr. Nix" or "Defendant

Nix"), filed pursuant to Fed. R. Civ. P. 12(b)(6).  The motion is directed at Plaintiff Leanna

Vennissa Rose Brewer's ("Brewer") Complaint [Dkt. # 1], and Defendants seek dismissal

of all counts.  The motion is fully briefed and at issue.  For the reasons set forth herein, the

motion is granted in part and denied in part.

## I.  Background

Brewer, an Oklahoma resident, is a former employee of Baptist's who alleges that she

was constructively discharged in violation of Title VII of the Civil Rights Act of 1964 ("Title

VII"), 42 U.S.C. § 2000e *et seq.*  Plaintiff alleges that during the course of her three year

employment with Baptist's, she was the victim of sexual harassment and sex discrimination

by her supervisor, Mr. Nix, as well as by the company's owner, Mr. Baptist.  She has sued

Baptist's, as well as Mr. Baptist and Mr. Nix in their individual capacities.  In addition to violations of Title VII, Plaintiff also alleges that Defendants violated the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. § 206(d), and asserts various violations under Oklahoma state tort law.

Plaintiff began her employment with Baptist's in September of 2007.  Compl. ¶ 12. She alleges that during her employment, Mr. Baptist, Mr. Nix, and another unidentified male co-worker began "repeatedly sexually harassing Plaintiff by making lewd sexual comments . . . and physically touching [Plaintiff] in a sexually offensive manner . . ." *Id*. ¶¶ 13-17. Plaintiff alleges other employees were aware of the harassment and that she complained to Mr. Nix, "as her direct supervisor," as well as to Mr. Baptist, "as her employer and as the owner of [the company]," but to no avail.  *Id*. ¶¶ 15-16.  She further alleges that Mr. Nix "insinuated to Plaintiff that if she submitted to his sexual advances, then Plaintiff's job would 'go better' for her[,]" and that Defendants Baptist and Nix "conditioned tangible job benefits on submission to [the] unwelcome conduct . . . ." *Id*. ¶¶ 24, 36.  When she rebuked these sexual advances, moreover, Plaintiff alleges that Mr. Nix "became angry and threatened Plaintiff to such an extent that Plaintiff called the police to [the store] to protect her from [him]." *Id*. ¶ 26.  Additionally, Plaintiff alleges that after she complained to Defendants Baptist and Nix they "engaged in a pattern of retaliation against Plaintiff that created a hostile work environment." *Id*. ¶ 25.  Plaintiff alleges that her employer, Baptist's, knew that Mr. Nix and other male employees sexually harassed Plaintiff, but did nothing to stop it.  *Id*. ¶¶ 16, 80.

Distinct from her sexual harassment allegations, Plaintiff alleges that she was discriminated against on the basis of her sex and was denied equal pay.  She alleges that Baptist's required female employees to engage in "domestic chores" that similarly situated male employees were not required to perform.  *Id.* ¶ 42.  She also alleges that she was subjected to "derogatory and unwelcome . . .comments" on the basis of her gender, *id.* ¶ 40, and that male employees were better compensated for similar work performed under similar conditions.  *Id.* ¶¶ 65-66.

Finally, Plaintiff alleges that Baptist's is engaged in fraudulent business practices involving the sale of sports equipment to Oklahoma public schools.  She alleges that Baptist's, in collusion with public school athletic coaches, "generat[ed] false invoices to the public schools for sports products [ordered] but never provid[ed], and then used the excess receipts to purchase "non-athletic personal products" for the coaches and their families "to encourage them [to continue] purchas[ing] . . . products from Defendants." *Id.* ¶ 103. Plaintiff alleges that she reported this misconduct to Baptist's, but that the company retaliated against her in a manner that "ultimately resulted in her constructive discharge." *Id.* ¶ 108.

On September 29, 2010, Plaintiff alleges that she was constructively discharged "as a result of Defendants' conduct." *Id.* ¶ 27.  However, Plaintiff additionally alleges that she filed her Equal Employment Opportunity Commission ("EEOC") Charge on September 30, 2010, "while she was still employed by [the company]." *Id.* ¶ 28.

Plaintiff filed this lawsuit on March 2, 2012.  The Complaint [Dkt. # 1] sets forth nine causes of action: (1) a Title VII claim alleging *quid pro quo* sexual harassment and

retaliation; (2) a Title VII claim alleging gender-based sex discrimination and retaliation; (3)

a Title VII claim alleging a hostile work environment; (4) an EPA claim alleging gender-

based disparity in salary; as well as pendant state law tort claims alleging (5) negligent

infliction of emotional distress, (6) negligent retention, (7) wrongful termination in violation

of public policy, (8) interference with contract, and (9) retaliation based on Plaintiff's alleged

status as a whistle-blower.  On June 14, 2012, Defendants filed a Rule 12(b)(6) motion to

dismiss all counts, and for "attorney fees and costs necessitated by the motion pursuant to

[Rule 11]."[1]  Def.'s Mem. in Supp. of its Mot. to Dismiss ("Def.'s Mem") at 24.

## II.  Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for

"failure to state a claim upon which relief can be granted."  "The nature of a Rule 12(b)(6)

motion tests the sufficiency of the allegations within the four corners of the complaint after

taking those allegations as true."  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)

(internal citation omitted).  The sufficiency of a complaint is a question of law.  *Smith v.

United States*, 561 F.3d 1090, 1097 (10th Cir. 2009).  When considering a Rule 12(b)(6)

---

[1] The Court summarily denies Defendants' request for attorneys' fees and costs
under Rule 11 as improvidently raised.  There has been no showing of compliance with
the mandatory safe harbor provision of Rule 11(c)(2).  The safe harbor provision requires
a party who seeks Rule 11 sanctions to serve a copy of the motion for sanctions on the
party accused of sanctionable behavior 21 days before the motion is filed.  Fed. R. Civ. P.
11(c)(2); *see Roth v. Green*, 466 F.3d 1179, 1191-92 (10th Cir. 2006).  Absent
compliance with this requirement, a motion for Rule 11 sanctions must be denied.  *Roth*,
466 F.3d at 1191-93.

motion, a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. *Id.*; *see also Hous. Auth. of Kaw Tribe v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir. 1991). A complaint challenged by a Rule 12(b)(6) motion to dismiss does not need to set forth detailed factual allegations, but a plaintiff's burden to set forth the grounds of his or her entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that a plaintiff's complaint must set forth more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements").

To survive a motion to dismiss, a plaintiff's complaint must contain sufficient facts that, if assumed to be true, state a claim to relief that is plausible on its face. *See Twombly*, 550 U.S. at 570; *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## III. Analysis

### A. Plaintiff's Title VII Causes of Action

Counts I-III of the Complaint allege violations of Title VII and are directed at Baptist's and Mr. Baptist, individually. Plaintiff alleges that throughout the course of her employment with Baptist's she was "repeatedly sexually harass[ed]" by the owner of the

company, Mr. Baptist, as well as by her supervisor, Mr. Nix, and also by a third person, identified in the Complaint only as a "male co-worker." Compl. ¶¶ 12-17. Specifically, Plaintiff alleges that she endured *quid pro quo* sexual harassment, sex discrimination,[2] a hostile work environment, and retaliation[3] in violation of Title VII. *See id.* ¶¶ 29-62.

### 1. Plaintiff's Title VII claims against Mr. Baptist in his individual capacity

As a preliminary matter, the Complaint sets forth causes of action under Title VII as to Plaintiff's employer, Baptist's, as well as against the owner of the company, Mr. Baptist, individually. However, "[t]he relief granted under Title VII is against the *employer*, not individual employees," *Haynes v. Williams*, 88 F.3d 898, 899 (10th Cir. 1996) (emphasis in original), and, thus, the Court finds it proper to dismiss with prejudice Counts I, II, and III as to Mr. Baptist in his individual capacity.

### 2. Plaintiff's Title VII claims against Baptist's

Turning then to Plaintiff's Title VII claims against Baptist's, the Court finds that dismissal is warranted because Plaintiff has pled insufficient factual allegations to

---

[2] In Count II of the Complaint, Plaintiff oscillates between the terms "gender discrimination" and "sex discrimination." Because Title VII specifically prohibits discrimination "on the basis of . . . sex" and not gender, however, the Court uses the term "sex discrimination" in addressing Count II. As such, the Court reads the Complaint as setting forth two claims of sexual harassment (both *quid pro quo* and hostile work environment claims) as well as a claim for sex discrimination, and a claim for retaliation.

[3] Retaliation is a separate cause of action under Title VII. As such, the Court treats Plaintiff's allegations that Defendants retaliated against her for engaging in a protected activity as a distinct claim for relief.

demonstrate that her claims of *quid pro quo* sexual harassment (Count I), sex discrimination (Count II), a hostile work environment (Count III), and retaliation (Counts I, II) are not time-barred.  Title VII of the Civil Rights Act of 1964 makes it unlawful for employers to discriminate on the basis of sex with respect to the terms and conditions of employment.  *See* 42 U.S.C. § 2000e-2(a)(1).  It is well-settled that a claim under Title VII cannot be brought with respect to discrete acts of discrimination that occur more than 300 days prior to filing the charge.  *See, e.g., Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002).

Here, Plaintiff pleads that she "timely filed on her claim of sexual harassment and retaliation with the [EEOC]." Compl. ¶ 11.  Specifically, Plaintiff alleges in her complaint that the charge was filed on September 30, 2010, "while she was still employed by Defendant Corporation." *Id.* ¶ 28.  Plaintiff alleges that she was hired sometime in September of 2007, *id.* ¶ 12, and that she "was constructively discharged on September 29, 2010." *Id.* ¶ 27.  The Complaint refers to no other dates, and Plaintiff fails to attach her EEOC Charge as an exhibit for the Court's consideration.  Instead, Plaintiff sets forth general allegations that "[d]uring her employment" she was "repeatedly sexually harass[ed]" and that she "complained to . . . her supervisor[s]" to no avail. Id. ¶¶ 13-16.  Plaintiff's employment spanned a three year time period, and the Court cannot ascertain from the face of the Complaint which of Plaintiff's allegations occurred within 300 days of the date Plaintiff alleges she filed her EEOC Charge.

As such, the Court finds Plaintiff's allegations insufficient on their face to demonstrate that her claims are not time-barred.  Plaintiff may not generally aver discriminatory conduct,

and the Complaint is deficient for failure to allege discrete acts of discrimination occurring within 300 days prior to filing the EEOC Charge.  Accordingly, the Court dismisses Counts I, II, and III as to Baptist's; however, the Court also grants Plaintiff leave to amend her complaint to cure these deficiencies.[4]  *See, e.g., Bauchman v. W. High Sch.*, 132 F.3d 542, 559 (10th Cir. 1997).

### B. Plaintiff's EPA Claim

Count IV of the Complaint alleges violations of the EPA and is directed at all Defendants.  Plaintiff alleges that "Defendants paid other male co-workers more than what they paid Plaintiff notwithstanding that the male co-workers had jobs substantially equal to Plaintiff's job that required equal skill, effort, responsibility, and [were] performed under similar working conditions."  Compl. ¶ 65.  Defendants seek dismissal on two bases: (1) because supervisor liability is not available under the EPA; and (2) because Plaintiff has failed to allege which male co-workers were better compensated, what the pay discrepancy was, or when the violations actually occurred.  *See* Def.'s Mem at 19.

#### 1. Supervisory liability under the EPA

Defendants assert that dismissal is warranted as to Defendants Baptist and Nix in their

---

[4]  Because the Court finds the Complaint deficient for failure to demonstrate *when* the conduct complained of actually occurred, and thus whether it occurred within the statutory period, it is unnecessary at this time to address the sufficiency of Plaintiff's factual allegations themselves.  Nevertheless, the Court notes that legal conclusions are not factual allegations and the pleading standard of Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

individual capacities because "individuals may not be liable for violations of the Equal Pay Act." Def.'s Mem. at 19.  However, this is an incorrect statement of law.[5]  To the contrary, the Tenth Circuit has not yet squarely addressed supervisor liability under the EPA, and – as such – the Court finds that dismissal for failure to state a claim on this basis is improper.  *See e.g., Hutchinson v. City of Okla. City*, 2012 WL 208641, at *2 (W.D. Okla., Jan. 24, 2012) (denying a motion to dismiss Plaintiff's EPA claim against individual Defendants on the same basis).

### 2. The sufficiency of Plaintiff's EPA claim

Defendants also assert that Plaintiff has failed to allege sufficient facts to state a claim under the EPA that is plausible on its face.  The EPA prohibits pay disparity between men and women who perform substantially the same job in basically the same conditions.  *See* 29 U.S.C. § 206(d); *see also Mickelson v. New York Life Ins., Co.*, 460 F.3d 1304, 1310-11 (10th Cir. 2006).  To state a claim for discrimination under the EPA, a plaintiff must show that (1) she was performing work which was substantially equal to that of employees of the opposite sex, taking into consideration the skills, duties, supervision, effort and responsibilities of the jobs; (2) the conditions where the work was performed were basically the same; and (3) employees of the opposite sex were paid more under such circumstances.  *See Miller v. Auto*

---

[5]  Defendants cite a footnote from a single decision by the Eleventh Circuit Court of Appeals for the unqualified proposition that individuals may not be liable for violations of the EPA.  *See* Def.'s Mem. at 19 (*citing Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1172 n.17 (11th Cir. 2003)).  However, *Shotz* does not hold that individuals may not be liable for violations of the EPA.  *Shotz* involved claims under the ADA and did not directly address the EPA.

*Club of N.M., Inc.*, 420 F.3d 1098, 1119 (10th Cir. 2005).

The Court finds that Plaintiff has pled sufficient factual allegations to state a claim for discrimination under the EPA.  Plaintiff has alleged that she was compensated less than her male co-workers for performing substantially similar work under substantially similar conditions.  She has also alleged that this gender-based disparity in salary was intentional, though a plaintiff need not demonstrate intent to state a claim under the EPA. *See Mickelson*, 460 F.3d at 1310-11.  Taking the well-pleaded allegations of the Complaint as true, and viewing the facts in the light most favorable to the Plaintiff, the Court concludes that Plaintiff has stated a claim that is plausible on its face.  Accordingly, Defendants' motion to dismiss Plaintiff's EPA claim is denied as to all Defendants.

**C. Plaintiff's State Law Claims**

In addition to her federal statutory claims, Plaintiff raises five claims under Oklahoma state tort law.  As set forth below, the Court dismisses Counts VII and IX as to all Defendants; dismisses Count VI as to Defendant Baptist in his individual capacity; and dismisses Count VIII as to Baptist's.  Accordingly, Plaintiff may proceed against all Defendants for negligence (Count V), against her employer, Baptist's, for negligent retention (Count VI), and against Defendants Baptist and Nix in their  individual capacities for interference with contract (Count VIII).

1. Negligent infliction of emotional distress

Count V of the Complaint alleges negligent infliction of emotional distress and is directed against all Defendants.  Plaintiff alleges that the cumulative effect of Defendants'

conduct vis-a-vis her Title VII allegations rose to an extreme level of outrageousness so that any reasonable person would have known that emotional distress would result.  Compl. ¶ 73.

Although Plaintiff has styled her cause of action as negligent infliction of emotional distress, the Court finds that her claim should be construed as one for negligence.  *See Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 n.2 (10th Cir. 2007) ("[C]ourts should look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief").  Oklahoma does not recognize negligent infliction of emotional distress as an independent tort, *see Kraszewski v. Baptist Med. Ctr. of Oklahoma, Inc.*, 916 P.2d 241, 243 n.1 (Okla. 1996), but it "is in effect the tort of negligence," *Mason v. Bd. of Regents of the Univ. of Oklahoma*, 23 P.3d 964, 969 (Okla. Civ. App. 2001); *see Wilson v. Muckala*, 303 F.3d 1207, 1213 (10th Cir. 2002) (applying Oklahoma law).  As such, a plaintiff "cannot proceed on a negligent infliction of emotional distress theory of liability separate from negligence," *Wilson*, 303 F.3d at 1213 (citing *Lockhart v. Loosen*, 943 P.2d 1074, 1081 (Okla. 1997)), and "the traditional elements of duty, breach of duty, causation, and damages apply." *Id.* (citing *Kraszewski*, 916 P.2d at 245).

Here, Plaintiff alleges that Defendants breached the duty they owed to Plaintiff to protect her from "sexual harassment, [sex] discrimination, retaliation, and [a] hostile work environment ."  Compl. ¶ 73.  As a result of this alleged breach, Plaintiff contends that she suffered physical injury and severe emotional distress.  *Id.* ¶¶ 74-75.  Taking these allegations as true, and viewing them in the light most favorable to the Plaintiff, the Court finds that Plaintiff has stated a claim for negligence under Oklahoma law.  Accordingly,

Defendants' motion to dismiss Count V is denied as to all Defendants.

2. Negligent retention

Count VI of the Complaint alleges negligent retention and is directed at Baptist's and Mr. Baptist, individually.  Plaintiff alleges that "Defendant Corporation knew or should have known that a person in Plaintiff's position would be subjected to an unreasonable risk of harm from [Mr. Nix] and [another] male co-worker."  Compl. ¶ 80.  Plaintiff contends, "Defendant Corporation . . . breached the duty it owed to Plaintiff to use reasonable care in [sic] retraining its employees by its failure to conduct a reasonable investigation into [Mr. Nix's] fitness as [sic] supervisor once it knew or should have known of . . . [Mr. Nix's] repeated and unwanted sexual aggression toward . . . Plaintiff."  *Id*. ¶ 82.  Finally, Plaintiff alleges that she "complained directly to [Mr. Baptist], as her employer and the owner of Defendant Corporation, about the sexual harassment but he did nothing to stop [it]."  *Id*. ¶ 16.

An employer may be held liable in Oklahoma for negligent hiring, supervision, or retention of an employee.  *See Excue v. N. Okla. Coll.*, 450 F.3d 1146, 1156 (10th Cir. 2006) (applying Oklahoma law); *N.H. v. Presbyterian Church (U.S.A.)*, 998 P.2d 592, 600 (Okla. 1999).  Liability attaches, "if – at the critical time of the tortious incident – the employer had reason to believe that the person would create an undue risk of harm to others.  Employers are held liable for their prior knowledge of the servant's propensity to commit the very harm for which damages are sought."  *Presbyterian Church (U.S.A.)*, 998 P.2d at 600.  Moreover, in cases of direct liability of a corporate employer for negligent retention, knowledge may

12

be imputed to the employer from information obtained by its supervisory employees. *See Magnum Foods, Inc. v. Continental Cas. Co.*, 36 F.3d 1491, 1500-01 (10th Cir. 1994) (applying Oklahoma law).

Here, taking the allegations of the Complaint as true, and viewing the facts in the light most favorable to the Plaintiff, the Court determines that Baptist's was on notice of Mr. Nix's alleged propensities after Plaintiff complained to a senior supervisor, Mr. Baptist.  As such, the Court finds that Plaintiff has minimally stated a claim against Baptist's for negligent retention and Defendants' motion is denied as to that claim.  However, Plaintiff may not proceed against Mr. Baptist for negligent retention in his individual capacity.  Negligent retention is a tort against the employer, and "the basis of liability invoked is not *respondeat superior* but rather the employer's own negligence in not discharging the unfit servant. . . ." *Schovanec v. Archdiocese of Oklahoma City*, 188 P.3d 158, 167 (Okla. 2008).  To the extent that Mr. Baptist may have negligently retained Mr. Nix in Baptist's employ, he did so as an agent of Baptist's and not in his individual capacity.  Accordingly, the Court grants Defendants' motion as to Mr. Baptist in his individual capacity.

3.  <u>Wrongful termination in violation of public policy</u>

Count VII of the Complaint alleges wrongful termination and is directed at Baptist's and Mr. Baptist, individually.  Defendants seek dismissal for failure to identify the Oklahoma state public policy that Defendants have allegedly violated.  *See* Def.'s Mem. at 22.  In her response brief, Plaintiff concedes dismissal of this claim and the Court dismisses it with prejudice.

4. <u>Interference with contract</u>

Count VIII of the Complaint alleges interference with contact and is directed at all Defendants. Plaintiff alleges that she "had a protected interest in her continued employment based on . . . express and implied obligations . . . to employ Plaintiff and maintain anti-discrimination policies and procedures to protect Plaintiff." Compl. ¶ 94. She alleges that Defendants Baptist and Nix made "unfounded and unwarranted allegations against [her] concerning misconduct and [the] inability to perform her job duties" and that such "interference with Plaintiff's employment" was the proximate cause of her economic loss. *Id.* ¶¶ 95, 97.

To state a claim of intentional interference with business or contractual relations under Oklahoma law, a plaintiff must allege: (1) that the party "had a business or contractual right with which there was interference;" (2) "[t]hat the interference was malicious and wrongful, and that such interference was neither justified, privileged nor excusable;" and (3) "[t]hat damage was proximately sustained as a result of the complained-of interference." *Mac Adjustment, Inc. v. Prop. Loss Res. Bureau*, 595 P.2d 427, 428 (Okla. 1979); *Navistar Int'l Transp. Corp. v. Vernon Klien Truck & Equip.*, 919 P.2d 443, 446 (Okla. Civ. App. 1994); *see Dill v. City of Edmond*, 155 F.3d 1193, 1207-08 (10th Cir. 1998). An employee may not bring a claim of tortious or intentional interference with contract against her own employer. *Ray v. American Nat'l Bank & Trust Co. of Sapulpa*, 894 P.2d 1056, 1060 (Okla. 1994) ("A cause of action for wrongful interference with contract can arise only when one who is not a party to a contract interferes with that contract by convincing one of the contracting parties

14

to breach its terms."). Likewise, an agent of a principal acting within the scope of his employment cannot be held liable for interfering with a contract between the principal and a third party, *see Voiles v. Santa Fe Minerals, Inc.*, 911 P.2d 1205, 1210 (Okla. 1996), except that an agent may "be held personally liable on an interference with contract claim if the agent was acting against the interests of the principal and in furtherance of [the] interests of the agent." *Martin v. Johnson*, 975 P.2d 889, 896 (Okla. 1998).

Here, Plaintiff has alleged that she had a protected interest in her continued employment; that Defendants maliciously interfered with that interest; and that such interference was the proximate cause of Plaintiff's damages. Taking these allegations as true, and viewing them in the light most favorable to the Plaintiff, the Court finds that Plaintiff has stated a claim upon which relief can be granted for interference with contract. However, the Court determines that Oklahoma law does not permit Plaintiff to bring an interference with contract claim against her employer, Baptist's, but that she may proceed against her supervisors, Mr. Baptist and Mr. Nix, individually, on the theory that they acted in bad faith when they allegedly interfered with her employment. *See Martin*, 975 P.2d at 896-97. As such, Defendants' motion to dismiss Plaintiff's interference with contract claim is granted as to Baptist's, but is denied as to the individual defendants. Plaintiff may proceed against Defendants Baptist and Nix in their individual capacities.

### 5. Whistle blower retaliation

Count IX of the Complaint alleges whistle blower retaliation and is against all Defendants. Plaintiff alleges that she was constructively discharged in "violation of

compelling Oklahoma public policy" after she "informed Defendants" that the company was purportedly engaged in fraudulent business practices involving the sale of sports equipment to Oklahoma public schools.  Compl. ¶¶ 103, 106.  Specifically, Plaintiff alleges that Baptist's, in collusion with athletic coaches, invoiced  public schools for sports equipment that it never delivered and then passed on the proceeds to the coaches and their families.  *Id*. ¶ 103.  Plaintiff alleges that she reported this misconduct to Baptist's, but that the company retaliated against her in a manner that "ultimately resulted in her constructive discharge." *Id*. ¶ 108.

The Court construes Plaintiff's claim as one for wrongful termination of an at-will employee whistle blower in violation of an Oklahoma public policy prohibiting such terminations, cognizable under *Burk v. K-Mart Corp.*, 770 P.2d 24 (Okla. 1989) ("*Burk* tort").  A viable *Burk* tort claim must establish: "(1) an actual or constructive discharge (2) of an at-will employee (3) in significant part for a reason that violates an Oklahoma public policy goal (4) that is found in Oklahoma's constitutional, statutory, or decisional law or in a federal constitutional provision that prescribes a norm of conduct for Oklahoma and (5) no statutory remedy exists that is adequate to protect the policy goal."  *Kruchowski v. Weyerhaeuser Co.*, 202 P.3d 144, 151 (Okla. 2008).

Here, Plaintiff has failed to articulate a constitutional, statutory, or decisional law basis for the Oklahoma public policy prohibiting her constructive discharge.  "An employer's violation of a state-declared public policy is the fundamental predicate for a *Burk* tort,"

*Darrow v. Integris Health, Inc.*, 176 P.3d 1204, 1210 (Okla. 2008), and whether Plaintiff's claim implicates a sufficiently discernable public policy presents a question of law to be resolved by . . . the trial court. . . ." *Vasek v. Bd. of Cnty. Com'rs of Noble County*, 186 P.3d 928, 933 (Okla. 2008) (internal quotation marks and citations omitted). As such, the Court finds Plaintiff's failure to identify a sufficiently discernable public policy fatal to her *Burk* tort claim; therefore, the Court grants Defendants' motion to dismiss Count IX as to all Defendants. The Court also grants Plaintiff leave to amend her *Burk* tort claim to cure the deficiencies outlined herein. *See, e.g., Bauchman*, 132 F.3d at 559.

## IV. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss [Dkt. # 7] is granted in part and denied in part. The motion is granted as follows: Counts I, II, III, and IX are dismissed without prejudice; Count VI is dismissed with prejudice against Mr. Baptist in his individual capacity; Count VII is dismissed with prejudice against all Defendants; and Count VIII is dismissed with prejudice against Baptist's. The motion is denied as follows: Counts IV and V shall proceed against all Defendants; Count VI shall proceed against Baptist's; and Count VIII shall proceed against Defendants Mr. Baptist and Nix in their individual capacities. Additionally, Plaintiff is granted leave to amend her complaint as to Counts I, II, III, and IX so as to cure the deficiencies outlined herein; she must do so within fourteen (14) days of the date of this Order.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss [Dkt. # 7] is GRANTED in part and DENIED in part, as set forth herein.

IT IS SO ORDERED this 13th day of November, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE