IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

LEANNA VENNISSA ROSE BREWER,    )
                                )
            Plaintiff,           )
                                )
v.                              )    Case No. CIV-12-244-D
                                )
BAPTIST'S INC., d/b/a/ BAPTIST  )
ATHLETIC SUPPLY, *et al*.,       )
                                )
            Defendants.          )

## **O R D E R**

Before the Court is Defendants' Motion to Dismiss in Part Plaintiff's Amended Complaint [Doc. No. 21], filed by Defendants Baptist's, Inc. ("Baptist's"), Wilson Baptist ("Mr. Baptist"), and Terry Nix ("Mr. Nix"), pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff Leanna Vennissa Rose Brewer has responded in opposition to the Motion, which is fully briefed and at issue.

By Order of November 13, 2012, the Court granted in part and denied in part Defendants' motion to dismiss Plaintiff's original complaint, with leave to amend certain dismissed claims. Because the parties are familiar with the November 13 Order, the substance of the Court's rulings will not be repeated here. In compliance with the Order, Plaintiff filed her Amended Complaint, which restates all claims except ones that were dismissed with prejudice. Defendants timely answered the Amended Complaint except as to Count VIII, "Whistle Blower Retaliation," which is challenged by the instant Motion.

Briefly stated, Plaintiff is a former employee of Baptist's who claims she was subjected to sexual harassment, gender discrimination, and retaliation during her employment, and that she was constructively discharged in September, 2010. As pertinent to Count VIII, Plaintiff alleges that Baptist's engaged in unlawful and fraudulent business practices involving the sale of sports

equipment and products to Oklahoma public schools.  She alleges that Baptist's, in collusion with

public school employees and athletic coaches, "generat[ed] false invoices to the public schools for

sports products [ordered] but never provid[ed] . . . so that other non-athletic personal products could

be sent to . . . coaches and their families to encourage [coaches] to purchase the sports products from

[Baptist's]."  *See Am. Compl.* [Doc. No. 19], ¶ 123.  Plaintiff alleges this subterfuge, known by

Baptist's employees as the "Baptist Swap," resulted in "school coaches and their families (i.e., wife

and children) receiving the non-athletic personal products but . . . causing the public school to pay

for these personal items by the use of these false invoices." *Id.* ¶ 124.  Plaintiff also alleges Baptist's

"threatened its employees, including Plaintiff, to give false information to school board members,

school personnel and others who called . . . to question invoices for 'school equipment' that the

school did not actually receive." *Id.* ¶ 125.

By the November 13 Order, the Court dismissed without prejudice the claim now asserted

in Count VIII because "Plaintiff [had] failed to articulate a constitutional, statutory, or decisional

law basis for the Oklahoma public policy prohibiting her constructive discharge," as required to state

a claim under *Burk v. K-Mart Corp.*, 770 P.2d 24 (Okla. 1989), and its progeny.  *See* Order [Doc.

No. 15] at 16-17.  In the Amended Complaint, Plaintiff identifies two Oklahoma statutory laws that

prohibited the alleged fraudulent scheme:  the Anti-Kickback Act of 1974, Okla. Stat. tit. 74, § 3401

*et seq.*; and the Oklahoma Central Purchasing Act, Okla. Stat. tit. 74, § 85.1 *et seq.*[1]  Plaintiff alleges

that these statutes establish a clear and well-established public policy against Baptist's fraudulent

sales practices, which were used 1) to give kickbacks to school employees and their families and

2) to obtain public funds without following competitive bidding requirements and protections.

---

[1]  The Amended Complaint contains an incorrect citation, but Defendants acknowledge the correct
citation in their Motion.

By their Motion, Defendants again challenge the sufficiency of Plaintiff's pleading to state a whistleblowing claim under *Burk*. Defendants first note that Plaintiff states in Count VIII that this claim is asserted against all defendants, but only an employer – not individual supervisors or managers – can be held liable under this legal theory. Plaintiff concedes this point in response to the Motion, and agrees "any individual liability claims against [Mr. Baptist] and [Mr. Nix] must be dismissed" with respect to her *Burk* tort claim. *See* Pl.'s Resp. Br. [Doc. No. 24] at 4.

As to a claim against Baptist's, Defendants contend the Amended Complaint fails to adequately allege all elements of a plausible claim. *See Kruchowski v. Weyerhaeuser Co.*, 202 P.3d 144, 151 (Okla. 2008) (enumerating elements of a *Burk* claim).[2] Defendants criticize the Amended Complaint for failing to identify a particular provision of the Central Purchasing Act that was allegedly violated, although Defendants concede the Anti-Kickback Act is implicated by Plaintiff's factual allegations. Defendants also fault the Amended Complaint for failing to "specify when, or to whom, [Plaintiff] reported the alleged violations." *See* Defs.' Motion [Doc. No. 21], ¶ 10. Finally, Defendants contend the Amended Complaint fails to sufficiently allege Plaintiff was constructively discharged in retaliation for whistleblowing.[3]

Upon consideration, the Court finds the Amended Complaint sufficiently states a plausible whistleblowing claim under *Burk*. In so finding, the Court applies the standards of decision set forth in the November 13 Order. *See* Order [Doc. No. 15] at 4-5. Specifically, in assessing the

---

[2] As to the second element, at-will employment, Defendants argue that Plaintiff's allegation she was an at-will employee is inconsistent with her claim in Count VII for tortious interference with an employment contract. However, federal pleading rules expressly permit inconsistent claims. *See* Fed. R. Civ. P. 8(d)(3).

[3] Defendants also assert that Plaintiff fails to allege no adequate statutory remedy exists. In argument, however, Defendants concede the Anti-Kickback Act only provides a civil remedy that permits "the State" to recover the value of any kickback. *See* Defs.' Motion, ¶ 12.

sufficiency of the Amended Complaint under Rule 12(b)(6), the Court must accept as true all well-pleaded factual allegations, view those allegations in the light most favorable to Plaintiff, and draw all reasonable inferences in her favor.  *See Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009). Further, the Court notes that determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Here, Plaintiff's Amended Complaint identifies the Oklahoma public policy goals violated by the alleged fraudulent practices of Baptist's, and the statutes in which these goals are found. Plaintiff allegedly informed "her supervisors" – identified elsewhere in the Amended Complaint as Mr. Nix and Mr. Baptist – of the fraudulent practices and "the misuse of public funds dedicated to purchasing sports goods for the use of public school students," and she allegedly reported violations of the Anti-Kickback Act "within the Defendant Corporation to persons in a position to investigate and remedy the wrongdoing." *See Am. Compl.* [Doc. No. 19], ¶¶ 123, 129, 131.  The Amended Complaint identifies Mr. Baptist as the owner and operator of Baptist's and "the ultimate supervisor of all employees including [Mr. Nix] and Plaintiff." *Id.* ¶¶ 3-4.  Oklahoma law is clear that employees who make internal complaints about an employer's unlawful practices and "whose actions seek to further the public good by unmasking these [practices] should be protected from an employer's retaliation." *Darrow v. Integris Health, Inc.*, 176 P.3d 1204, 1216 (Okla. 2008). Plaintiff has sufficiently alleged that she engaged in such protected actions.  Also, the Amended Complaint expressly alleges that "[a]fter Plaintiff complained about this misuse of public funds, [Baptist's] encouraged its employee to retaliate against Plaintiff that ultimately resulted in her constructive discharge from her employment." *See Am. Compl.* [Doc. No. 19], ¶ 132.  Construing

these allegations in the light must favorable to Plaintff, the Court finds that a plausible *Burk* claim is stated in Count VIII of the Amended Complaint.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss in Part Plaintiff's Amended Complaint [Doc. No. 21] is GRANTED in part and DENIED in part, as set forth herein. Count VIII is dismissed with prejudice as to the individual defendants, Wilson Baptist and Terry Nix, but shall proceed as to the corporate defendant, Baptist's, Inc.

IT IS SO ORDERED this 11th day of February, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE